UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT J. BERRY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:04-CV-447 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 17] and the defendant's motion for summary judgment. [Doc. 23]. Plaintiff Robert J. Berry, Jr. seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's neck and back disorder, knee disorder, depression are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: to lift/carry 20 pounds on an occasional basis and up to 10 pounds on a frequent basis. Due to residuals of back surgery and knee surgery, the claimant must avoid overhead lifting and repetitive turning or twisting of his head. He is limited to only occasional crouching, balancing, kneeling, climbing, crawling, and stooping. He is precluded from working around hazards. He must have a sit/stand option and be able to alternate at 30 minute intervals. Due to his low borderline intellectual functioning, mood disorder and personality disorder, he is precluded from high stress work. He can understand and remember simple to moderately detailed instructions. He needs a repetitive job due to his impaired adaptation. He cannot work closely with others but can superficially work with others. The claimant is limited to unskilled or low, semi-skilled work.

2

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has a "marginal education" (20 C.F.R. §§ 404.1564 and 416.964).

10. The claimant was no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a reduced range of light work (20 C.F.R. §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs at the light, unskilled level include: product packager: there are 3,800 such jobs in the state of Tennessee and 152,000 in the national economy; checker/grader: there are 2,550 such jobs in the state of Tennessee and 115,000 in the national economy; off bearer/laundry folder: there are 2,400 such jobs in the state of Tennessee and 120,000 in the national economy.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 31-32).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff challenges the ALJ's reliance on vocational expert ("VE") testimony that plaintiff could perform the jobs of laundry folder, product packager, and checker/grader. (Tr. 31). Plaintiff argues that pursuant to Social Security Ruling 00-4p, the ALJ must resolve conflicts in the evidence between that provided by a VE and the Dictionary of Occupational Titles ("DOT") and must explain the choice to accept certain evidence where a conflict exists. Specifically, plaintiff asserts that the laundry folding job in the DOT, 369.687-108, requires the use of some machines such as a button folding machine and that most general laundry professions in the DOT, such as laundry worker I, 361.684-014, and laundry worker II, 361.137-010, require medium work activity

4

and work around hazardous machinery. However, plaintiff argues that the ALJ's hypothetical question stated that he should avoid hazards and the ALJ found that plaintiff should not work around hazards. (Tr. 31, 77). Next, with respect to the position of product packager, plaintiff contends that the ALJ's hypothetical question limited him to only occasional stooping, although the VE testified that an individual in that position might not have to do a great deal of overhead reaching, plaintiff would have to do bending and stooping in the product packager position. (Tr. 77, 88). Lastly, with respect to the checker/grader (inspector) position, plaintiff argues that although the VE testified that his description of these jobs was consistent with the DOT, he acknowledged that some positions would require an individual to remain seated because of the activities performed. (Tr. 80, 85-86). Furthermore, plaintiff asserts that although the VE had stated that these jobs existed in certain numbers and that he had reduced these numbers, he also testified that the resources he used to obtain these numbers of jobs did not consider individual circumstances. (Tr. 89). Plaintiff maintains that the DOT does not take into account the accommodation of a sit/stand option in the jobs described, as the DOT requires the ability to do a full range of work at the activity level listed and requires a basic level of literacy, although the VE testified that an illiterate individual could perform the jobs stated. (Tr. 135).

    In the alternative, plaintiff argues that the restrictions noted by the ALJ in the hypothetical question do not set forth the severity of the mental restrictions contained in the record and that the ALJ did not specify what level of pain the VE should consider. He maintains that the psychological assessment by Ms. Branton, as well as the assessment prepared by treating source Helen Ross McNabb Center, indicated that plaintiff had a marked restriction in his ability to interact

5

with others and moderate restrictions in his activities of daily living, concentration, persistence, and adaptation (Tr. 460, 554-592), although the ALJ's question only requires "superficial" rather than "intimate" or close interaction with others. With respect to his pain, plaintiff contends that the ALJ did not specify what level of pain the VE should consider, noting that he testified about pain in his lumbar and cervical spine and in his knee and that theVE in his first hearing indicated that an individual could not sustain work if, as plaintiff testified, they experienced moderately severe to severe pain. (Tr. 137).

The Commissioner argues that the ALJ relied, in part, on the VE's testimony and that substantial evidence supports the ALJ's finding that plaintiff could perform a significant number of jobs. Plaintiff argues that the VE stated that the laundry worker might have to work near hazards, which conflicts with the ALJ's finding that plaintiff could not work near hazards. However, the Commissioner points out that the plaintiff's attorney's own question asked about the ability to work around "lots of machines" and that the VE actually stated, as plaintiff acknowledged in the fact section of his brief, that although the laundry worker would work near machines such as dryers, the VE did not consider a dryer to be a hazardous machine. (Tr. 84). The VE testified that if an individual could not work around any machines, then that person could not perform the laundry job. (Tr. 85). However, because the ALJ did not find that plaintiff could not work near any machine, only that he could not work near hazards, the Commissioner insists that the testimony from the VE is consistent with the DOT. (Tr. 31). She also notes that although plaintiff cites the DOT number of three laundry jobs, he does not cite the DOT number for the laundry position that the VE clearly provided and that the ALJ relied on: 302.685-010, which is classified by the DOT as requiring light

6

work and not requiring work around hazardous conditions, such as working close to moving mechanical parts, exposure to shock, and working near high places. (Tr. 84). Moreover, the Commissioner maintains that the ALJ did not find that plaintiff was precluded from stooping, only that he was limited from more than <u>occasional</u> stooping, and thus, he could perform the product packager position, 559.687-074. With respect to the inspector/checker/grader position, plaintiff argues that although the ALJ found that he required a sit/stand option, the VE stated that some inspector/checker/grader positions did not permit a sit/stand option. However, the Commissioner asserts that while the VE acknowledged that some product packager positions and some inspector/checker/grader positions did not permit a sit/stand option, he also stated that he had reduced the total number of applicable positions for each to reflect only those positions that would accommodate the sit/stand option. (Tr. 79-80, 88-89). Although plaintiff contends that the DOT's minimum reading level requires basic reading and that the VE testified that an illiterate person could perform the jobs cited, the Commissioner insists that plaintiff's point is unclear because plaintiff was found to have a marginal education. (Tr. 99). Lastly, although plaintiff argues that the hypothetical question should have included additional mental and pain limitations, the Commissioner insists that the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence and that the ALJ did not find the plaintiff's claims of greater limitations credible. (Tr. 29).

I find the Commissioner's arguments persuasive. At the supplemental hearing, the VE testified that even after reducing the total number of positions to accommodate the sit/stand option, plaintiff could perform work as a product packager (3,900 jobs in the state); inspector/

checker/grader (2,500 jobs in the state); and laundry folder (2,400 jobs in the state). (Tr. 78-79, 88). Laundry position 369.687-108, which plaintiff cites as support for his argument, does not exist in the DOT, and position 361.137-010 requires only light work, not medium work as plaintiff contends. As the Commissioner correctly points out, plaintiff fails to mention the DOT position 302.685-010 that the VE cited and the ALJ relied on for the laundry position and properly notes that the plaintiff even acknowledged in his brief that the VE testified that a dryer is not a hazardous machine. (Tr. 84). With respect to the product packager position 559.687-074, the Commissioner correctly notes that plaintiff would not be precluded from this position because it requires, as the ALJ found, only occasional stooping. (Tr. 31). Moreover, I agree with the Commissioner that the VE explained that he had reduced the number of available positions for the checker/grader position because of the need for a sit/stand option and agree with her that plaintiff's argument regarding literacy level is without merit because plaintiff was found to have a marginal education. (Tr. 31, 88).

Similarly, I find no error with the ALJ's consideration of plaintiff's level of pain and his mental impairments. The ALJ stated that

> activities like moving furniture and wrestling with one's cousin seem inconsistent with complaints of disabling pain. The claimant's responses during psychological testing raised the possibility that the claimant was not putting forth his best effort. Thus, the undersigned gives the subjective allegations little weight in determining his residual functional capacity. I don't find him to be particularly credible.

(Tr. 29). The ALJ evaluated the evidence regarding plaintiff's complaints of pain and mental impairments and clearly did not find plaintiff credible. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993) (ALJ is required to incorporate into the hypothetical

8

question only those limitations accepted as credible); Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility); Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) (determination of disability from pain is within the province of the ALJ.); Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC.).

Accordingly, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 17] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 23] be **GRANTED**.

Respectfully submitted,

s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).